# B. M. ROWLAND
## v.
# W. M. RECORDS.

*Master and Servant—Recovery of Wages—Traveling Salesmen—Duty of—Attorney's Fees—Laws of 1889, 362.*

1. It is for the jury to determine what the oral contract of service was in a given case, and whether it was complied with by the employe.

2. The law impliedly imposes upon a traveling salesman the duty of exercising reasonably good judgment and care in making sales.

3. This court holds that the evidence in the case presented did not warrant the allowance of the attorney's fee in question.

[Opinion filed February 26, 1892.]

APPEAL from the County Court of Richland County; the Hon. T. A. FRITCHEY, Judge, presiding.

Mr. J. C. ALLEN, for appellant.

Mr. EDWARD KERSHAW, for appellee.

SAMPLE, J.    This suit was brought by appellee to recover an alleged balance due him from appellant, for services rendered in selling trees or nursery stock.    It is agreed that he was to receive $100 per month and pay his own expenses.    It appears from the evidence that appellee had worked for appellant before the last employment on a commission, and appellant claims that it was a part of the salary contract that appellee was to perform the work as well as when he worked on a commission, and that his sales were to amount to as much.    This is denied by appellee.    Appellant also claims that appellee did not follow instructions to sell for cash, and also failed to exercise good judgment in making contracts of sale of trees, in that he sold to irresponsible parties, so that the deliveries only amounted to fifty per cent of the contracts of sales, whereas when he sold on commissions the delivery amounted to ninety per cent of the sales.    He testified that if appellee had done his work according to the contract, that the amount of appellee's claim would be correct, but as so many bad sales were made he owed nothing and was entitled to damages.

The case was tried before a jury which found for appellee the amount of his claim, $103.80, upon which judgment was entered, after a motion for a new trial was overruled, and the court also, without any proof being made, entered a judgment for $10 additional, as attorney's fees, which is assigned as error.

It was for the jury to determine what the real contract between the parties was, and also whether or not appellee had complied with it.    It is clear that he did not agree to be responsible for all or any of the sales that he made.    The law however, impliedly imposed upon him the duty of exercising reasonably good judgment and care in making sales.    Whether he did this or not was fairly submitted to the jury and we do not feel disposed to disturb the verdict for that reason,

although the explanation of appellee about some of the deliveries is not entirely satisfactory.

We are compelled, however, to reverse this case on the assignment of error as to the allowance of the $10 attorney's fee by the court. That was allowed under the Wages Act of 1889. See Laws of 1889, 362. That act provides, "That wherever an employe * * * shall have *cause* to bring a suit for wages * * * and *shall establish* by the decision of the court or jury, that the amount for which he or she has brought suit is justly due, * * * *and* that a *demand* has been made in writing *at least three days before suit is brought for a sum* not exceeding the amount so found due, *then* it shall be the duty of the court * * * to allow to the plaintiff, *when the foregoing facts appear*, a reasonable attorney's fee," etc. There is no pretense in this case, that any such proof was offered or made as is expressly required by that act, in order to authorize the court to allow any attorney's fee. The purpose of the legislature in requiring that preliminary proof doubtless was to protect parties from being compelled to pay attorney's fees in suits where no demand had been made on them, or where the demand was for too much. It will be observed that the demand provided for must not exceed the amount established to be due on the trial. If it does, then no attorney's fee can be recovered.

For the error indicated the judgment will be reversed, and the cause remanded.

*Reversed and remanded.*