# World's Columbian Exposition v. James W. Thompson.

1. CONTRACTS—*Services—Discharge Before Expiration of Term.*—A person entering the employment of the World's Columbian Exposition as a ticket seller, signed a contract providing that the sum of $5 per month should be withheld from his salary as a guarantee for the safe keeping, proper care and return to the company of a uniform; and that in case of his services terminating before the expiration of the Exposition period, such an appraised amount as should be necessary to secure the company against loss or damage by wear and tear should be deducted from any moneys that might finally be due him. *It was held* that the contract did not authorize the Exposition to discharge such person without cause before the expiration of the Exposition period.

2. ATTORNEY'S FEES—*Servant Suing for Wages.*—The act providing for attorney's fees when a mechanic, artisan, miner, laborer, servant, or employe brings suit for wages owing according to the terms of an employment (R. S., Ch. 13, Par. 13) does not apply where such mechanic, etc., sues for damages for being discharged.

3. SAME—*Special Findings.*—Under the act providing for attorney's fees, when a mechanic, artisan, miner, laborer or servant sues for wages (approved June 1, 1889, R. S., Ch. 13 Par. 13), the jury must find specially that the amount sued for is due and owing, and is for the wages of such mechanic, artisan, miner, laborer, servant or employe.

4. PLEADING—*Suing for a Wrongful Discharge.*—A servant suing for a wrongful discharge must declare specially; the common counts will not suffice.

5. VARIANCE—*Allegations and Proofs.*—Excuse for non-performance is not admissible under an averment of performance.

**Memorandum.**—Assumpsit. Appeal from a judgment of the Circuit Court of Cook County, on appeal from a justice of the peace; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Submitted at the October term, 1894. Reversed in part and affirmed in part. Opinion filed March 5, 1895.

APPELLANT'S BRIEF, WALKER & EDDY, ATTORNEYS.

To include attorney's fees in the judgment was improper, unless the statutory provisions were strictly complied with. Chicago, W. & V. C. Co. v. Balmer, 45 Ill. App. 59; Roland v. Records, 43 Ill. App. 198.

The authorities do not extend the benefit of this statute to a secretary, a timekeeper, a traveling salesman, a book-

keeper, or, as we believe, to a gatekeeper. See Epps v. Epps, 17 Ill. App. 196, 200.

F. E. Lonas, attorney for appellee.

Mr. Justice Gary delivered the opinion of the Court.

This case is to recover damages sustained by the appellee by reason of his discharge from the service of the appellant as a gatekeeper before his term was ended.

In substance, the employment of the appellee by the appellant is proved, as was the employment of Richards, as shown in World's Columbian Exposition v. Richards. (See preceding case.) But it further appears that here the appellee signed a " statement," one paragraph of which was:

" It is agreed that the sum of $5 per month shall be withheld from my salary as a guarantee for the safe keeping, proper care and return to the company of the uniform received by me; and that in case of my services terminating before the expiration of the Exposition period, such an appraised amount as shall be necessary to secure the company against loss or damage by wear and tear shall be deducted from any moneys that shall finally be due me."

It is said in the brief of the appellee, that " The provision for the deduction of five dollars from each month's salary, for wear and tear of the uniform, was undoubtedly made in view of the possible discharge of the employe after a short term of service. No sensible person contracting with a corporation about to inaugurate such an Exposition, could have inferred anything else. Suggestions on this point are uncalled for, however, in the face of such plain language as this;" so no further suggestions are made, and we find no inconsistency between an engagement for a period fixed, and a provision for the contingency of the services terminating before the period. We therefore refer to Richards' case without repeating.

The court added to the verdict of the jury $10 for attorney's fees, and the appellee endeavors to justify that under " An act providing for attorney's fees when mechanic, arti-

san, miner, laborer or servant sues for wages." Approved June 1, 1889.

There are two reasons why the addition of fees is wrong. First, the appellee does not sue for " wages earned and due," but for damages for being discharged. The suit was begun before a justice so that there are no written pleadings; and the action is whatever the evidence fits.

Powell v. Feely, 49 Ill. 143, and Allen v. Nichols, 68 Ill. 250, are two of many similar cases. Columbian Co. v. Langley, 51 Ill. App. 100.

Now an action for wages earned, that is, a common count for work and labor, is not sufficient in a case like this; the declaration must be special because the wages have not been earned. 1. Ch. Pl. 360, 16th Am. Ed. It is a general rule that an averment of performance is not met by proof of an excuse of non-performance. Higgins v. Lee, 16 Ill. 495.

Second, the " decision of the  *  *  *  jury " is a general verdict for the appellee; no special finding of certain facts, as the statute contemplates. Whether a finding that the appellee was a " laborer " or a " servant " would have been justified, we do not inquire; we notice that " employe " is not in the title of the act. Taylor v. Kirby, 31 Ill. App. 658.

So much of the judgment as awards $10 for attorney's fees is reversed, and the residue is affirmed, the costs here to be paid by the appellee.