## Great Northern Hotel Co. v. John Leopold.

1. MASTER AND SERVANT—*When Contract of Employment for One Month is Implied.*—A contract of employment at a certain rate per month implies, in the absence of proof of other terms, a hiring for one month at least.

Great Northern Hotel Co. v. Leopold.

2. SAME—*Attorney's Fees to Servant Suing for Wages.*—The act providing for attorney's fees when an employe brings suit for wages owing according to the terms of an employment, does not apply when the employe sues for damages for a wrongful discharge.

3. SAME—*Special Finding Required When Attorney's Fees are Claimed.*—Under the act providing for attorney's fees, when a servant sues for wages, the jury must find specially that the amount sued for is "earned and due," and is for the wages of such servant.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1897. Affirmed if remittitur be filed, otherwise reversed and remanded. Opinion filed October 11, 1897.

BURNHAM & BALDWIN, attorneys for appellant.

No appearance for appellee.

PER CURIAM.

The appellee has not appeared to resist this appeal.

As appears to us upon an *ex parte* showing, he has recovered $25, as for a month's wages, when he only claimed that he had earned half that sum, but claimed the other half for being wrongfully discharged before his term was out.

The case was tried by a jury whose verdict was:

" We, the jury, find the issues for the plaintiff, and assess the plaintiff's damages at the sum of twenty-five dollars ($25)."

The dispute on the trial was whether he was employed for a month, or by the day at the rate of $25 per month.

There is no preponderance of evidence against the verdict. At the rate of $25 per month implies—in the absence of proof of other terms—a hiring for one month at least. Beach v. Mullin, 34 N. J. L. 343.

In case of wrongful discharge, the servant is entitled to recover as damages the amount of a month's wages, less wages earned, or which might have been earned, elsewhere. Mount Hope Cemetery Ass'n v. Weidenmann, 139 Ill. 67.

But on that verdict the court entered judgment—not only for $25—but also for $10 attorney's fee. This was error. World's Col. Ex. v. Thompson, 57 Ill. App. 606.

The suit was not for wages "earned and due" within the meaning of the statute (3 S. & C. Stat., 2425, par. 57), nor was there any finding by the jury, as contemplated by the statute, that the amount of the verdict was for wages "earned and due."

Upon the appellee remitting $10 within ten days from the filing of this opinion, the judgment will be affirmed for $25, appellant to recover all its costs in this court, appellant to recover no other costs; otherwise, the judgment will be reversed and the cause remanded.

Judge WINDES took no part in the decision of this case.