## O. L. Goodridge, Defendant in Error, v. William Alton, Jr., Plaintiff in Error.

### Gen. No. 13,843.

1. EMPLOYMENT ACT—*section 13, pertaining to allowance of attorney's fees, construed.* The word "employ" as used in this section of the act comprehends and includes all persons employed to render continuous and exclusive services of the same general kind and nature that are due from a "mechanic, artisan, miner, laborer or servant."

2. PRACTICE—*when bill of particulars not essential to recovery.* The allowance of attorney's fees may be made under section 13 of the Employment Act, notwithstanding no claim therefor is contained in the bill of particulars.

3. JUDGMENT—*when finding sufficiently shows entry based on wage claim.* A judgment which finds that the damages awarded the plaintiff were so much money "due and owing, earned as an employe of the defendant," is sufficient to show that the recovery was for wages.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed April 3, 1908.

CUNNINGHAM & CUNNINGHAM, for plaintiff in error.

CHARLES HUDSON, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This case presents the question whether a plaintiff who was employed by the defendant as a transit man and topographer at $100 per month is entitled, in a suit to recover the amount of such compensation due him, to be allowed attorneys' fees under the Employment Act of 1889. That act is as follows:

"AN ACT providing for attorney's fees when mechanic, artisan, miner, laborer or servant sues for wages.

13. ATTORNEY'S FEES WHEN MECHANIC, ETC., SUES FOR WAGES.

*Be it enacted by the People of the State of Illinois,*

*represented in the General Assembly,* That whenever a mechanic, artisan, miner, laborer, or servant, or employe, shall have cause to bring suit for his or her wages earned and due, and owing according to the terms of the employment, and he or she shall establish by the decision of the court or jury that the amount for which he or she has brought suit is justly due and owing, and that a demand has been made in writing at least three days before suit is brought, for a sum not exceeding the amount so found due and owing, then it shall be the duty of the court before which the case shall be tried to allow to the plaintiff, when the foregoing facts appear, a reasonable attorney fee, in addition to the amount found due and owing for wages, and in justice court such attorney's fee shall not be less than $5.00, and in the County or Circuit Court, not less than $10.00, to be taxed as costs of suit.'' Hurd's Stat., chap. 14, sec. 13; S. & C. Stat., chap. 48, sec. 1.

The contention of plaintiff in error is that the defendant in error was not an an ''employe,'' nor was his compensation ''wages'' within the meaning of the statute.

That the word ''employe'' was not used in the statute in its broadest sense must be conceded, for it is preceded by the words ''mechanic, artisan, miner, laborer or servant,'' and if the legislature intended to provide that all ''employes,'' using the word in its largest sense, should in judgments for wages or salary be allowed attorneys' fees, then those words are superfluous. The use of those words in the statute preceding the word ''employe'' indicates that the word ''employe'' was used in a limited and restricted sense, and was not intended to include all persons who were in the service or employment of other persons, irrespective of the degree or nature of their service or employment. The word ''employe'' in the statute is a word of larger import than the words ''mechanic, artisan, miner, laborer or servant'' which precede it. When a general word follows a particular one, the rule is to construe it as applicable to persons *ejusdem generis*. Sandiman

v. Beach, 7 B. & C., 96. The word "employe" in the statute, we think, must be held to comprehend and include all persons employed to render to another regular, continuous and exclusive services of the same general degree, kind and nature that are due from a "mechanic, artisan, miner, laborer or servant." We are unable to see any substantial difference, in nature or degree, between the services of a transit man and topographer and those of an artisan or mechanic.

We think that the plaintiff was an "employe" within the meaning of the statute, and that the compensation due him under his contract of employment was "wages," although payable monthly. Palmer v. Van Santvoord, 153 N. Y. 612; Moore v. Heaney, 14 Md. 558.

It was not necessary for the plaintiff to make a claim for attorney's fees in his bill of particulars.

The finding contained in the judgment order that the damages awarded plaintiff were for so much money, "due and owing earned as an employe of defendant," was a sufficient finding that the recovery was for wages.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*