Cody Buren, Appellee, v. Mercury Press, Inc., Appellant.

Gen. No. 38,095.

Heard in the first division of this court for the first district at the April term, 1935. Opinion filed May 6, 1935.

O'Shaughnessy, O'Shaughnessy & Cunningham, of Chicago, for appellant; Walter F. Cunningham and Joseph C. Stastny, of Chicago, of counsel.

Harold A. Fein, of Chicago, for appellee; Mordi R. Kallick, of Chicago, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

Plaintiff, bringing suit for a balance of salary claimed from defendant, upon trial by the court had judgment for $700, from which defendant appeals.

In September, 1933, a written agreement was entered into between the parties whereby defendant employed plaintiff at $135 a week. The contract ran for a year, but with a provision that defendant might terminate it at the expiration of six months unless plaintiff produced sales for defendant to an amount stated. The contract was terminated at the end of six months. Plaintiff claimed there was then due him $50 a week for 14 weeks, or $700. Defendant admits that $50 a week for this period was deducted from the salary of $135 a week provided in the contract, but says this was pursuant to an oral agreement to modify the written agreement, whereby plaintiff was to receive $85 a week, and the balance of $50 a week was to be paid only out of profits of the business plaintiff might procure.

Thomas Root, vice president, treasurer and general manager of defendant, testified that such a modification was made. Plaintiff testified to the contrary. His version of the agreement was that in the latter part of November a verbal agreement was made whereby $50 of his weekly salary was to be retained by defendant until such time as defendant's finances were in better shape, or until plaintiff left its employ; he testified he was on a straight drawing salary of $135 a week and that nothing was said about paying commissions on the business he brought in.

Defendant's books tend to support plaintiff's version of this verbal agreement. The account, up to January 1, 1934, shows that the $50 a week retained by defendant from plaintiff's salary was charged to "Accounts Payable" and the "Pay-Roll account" was

credited at the rate of $135 a week. The bookkeeper testified that by the end of December the books showed $150 due plaintiff for salary. The book entries subsequent to January 1, 1934, were changed under instructions from Mr. Root, and the $50 weekly salary retained, instead of being charged to the pay roll account was charged to the commission account. There is substantial evidence, however, that this change was made after plaintiff's employment terminated and after demands were made by him for the payment of the balance due on his salary. It is stipulated that the originals of the book entries indicate that erasures and entries were made changing the account from its original condition. The bookkeeper admitted that she made these changes all at one time.

The books also show that in compiling defendant's income tax return for 1933 the item of $150 credited to plaintiff's account as additional salary was deducted in determining the net profits.

The court was justified in finding that there was a balance of $700 due plaintiff.

Plaintiff asked for an allowance of $150 as attorneys' fees, which the court refused. On cross appeal he asks for this allowance. A proper demand was made on defendant for the balance, and it was stipulated that $150 is a reasonable attorney's fee. The question presented is whether plaintiff's employment as a salesman or solicitor of business at the salary named falls within the provision of the Illinois statute, Cahill's St. ch. 13, ¶ 14, which provides:

"That whenever a mechanic, artisan, miner, laborer or servant or employee shall have cause to bring suit for his or her wages earned and due, and owing according to the terms of the employment, and he or she shall establish by the decision of the court or jury that the amount for which he or she has brought suit is justly due and owing and that a demand has been

made, in writing, at least three days before suit is brought, for a sum not exceeding the amounts so found due and owing, then it shall be the duty of the court before which the case shall be tried, to allow to the plaintiff, when the foregoing facts appear, a reasonable attorney fee in addition to the amount found due and owing for wages, and in justice court such attorney's fee shall not be less than $5, and in the county or circuit court, not less than $10, to be taxed as costs of suit.''

*Rowland v. Records,* 43 Ill. App. 198, involved a claim for attorneys' fees in a suit to recover the salary of a salesman; the judgment was reversed and the cause remanded because no proof was made as to the service of the demand, although the opinion seems to indicate that had proper service been made the plaintiff would have been entitled to recover attorney's fees. In *Standard Fashion Co. v. Blake,* 51 Ill. App. 233, the court reversed an allowance of attorneys' fees on the ground that the plaintiff, a traveling salesman, was not an employee within the meaning of the statute. This was based on two earlier cases in the Appellate Court, but an examination of them shows they were not in point. In *Vogel v. Pekoc,* 157 Ill. 339, the statute above quoted was declared constitutional, the court saying on petition for rehearing: ''It embraces a well-defined class of cases and persons, not singled out, as is contended, wholly without reason, and arbitrarily, but upon grounds which may, we think, properly serve as a basis for valid legislative action. Those to whom the wages of labor are due, and who, after demand, in writing, of a sum no greater than that subsequently recovered, are compelled to establish and do establish their rights, as demanded, by judgment of court, are within the provisions of the act, and we cannot say this classification is so arbitrary and unreasonable, and the law so partial and unequal, as to be beyond legislative discretion and power.''

In *Manowsky v. Stephan,* 233 Ill. 409, the court said that this statute applies "only to wage earners. The amount claimed by them in most instances will not, in the nature of things, be large, and often so small that the persistent refusal of the employer to pay would, in effect, result in the denial of the employee's right to recover, for the reason that the sum that the latter would necessarily be obliged to pay for attorney's fees would be greater in amount than the sum due from the employer. Persons to whom the benefit of that statute was extended are persons composing a class who are in a condition making it proper to afford to them the remedy granted by that statute, and the statute applies to all wage earners without discrimination . . ." *Goodridge v. Alton,* 140 Ill. App. 373, involves the claim of attorneys' fees of a transit man and topographer receiving $100 a month. The opinion says that the word "employe" in the statute was not used in its broadest sense, for it was preceded by the words "mechanic, artisan, miner, laborer or servant"; that "if the legislature intended to provide that all 'employes,' using the word in its largest sense, should in judgments for wages or salary be allowed attorneys' fees, then those words are superfluous. The use of those words in the statute preceding the word 'employe' indicates that the word 'employe' was used in a limited and restricted sense, and was not intended to include all persons who were in the service or employment of other persons, irrespective of the degree or nature of their service or employment. The word 'employe' in the statute is a word of larger import than the words 'mechanic, artisan, miner, laborer or servant' which precede it. When a general word follows a particular one, the rule is to construe it as applicable to persons *ejusdem generis. Sandiman v. Beach,* 7 B. & C., 96. The word 'employe' in the statute, we think, must be held to comprehend and include all persons employed to render to another regular,

continuous and exclusive services of the same general degree, kind and nature that are due from a 'mechanic, artisan, miner, laborer or servant.' '' This reasoning seems to us convincing. It could not be said with any degree of accuracy that one employed as a salesman or as a solicitor of business for a printing establishment, such as the plaintiff was, is engaged in services like those of a ''mechanic, artisan, miner, laborer or servant.''

We hold that the court properly denied plaintiff's claim for an allowance of attorney's fees.

For the reasons indicated the judgment is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.