**Werner Waesch, Plaintiff-Appellee, v. Elgin, Joliet and Eastern Railway Company, a Corporation, Defendant-Appellant.**

Gen. No. 48,672.

First District, Third Division.
October 24, 1962.
Rehearing denied December 11, 1962.

 

Stevenson, Conaghan, Hackbert, Rooks and Pitts, of Chicago (Harlan L. Hackbert, of counsel), for appellant.

Garretson, Lehmann and Thornquist, of Chicago (James L. Garretson and Ruth Thornquist, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This litigation was started by the plaintiff suing the defendant for damages to his automobile. The evidence was heard on June 4, 1960, by a police magistrate who then took the case under advisement. On July 1, 1960, the magistrate found in favor of the plaintiff. The defendant appealed to the Circuit Court on August 4, 1960. The Circuit Court dismissed the appeal for the reason that it was not taken within 20 days of the magistrate's judgment as provided by statute. Ill Rev Stats (1959), ch 79, sec 116. The defendant appeals from the order of the Circuit Court.

When the magistrate reached his decision on July 1, 1960, he wrote the following letter to the parties:

"Gentlemen:
"After having heard the evidence and examined cases cited by counsel in the matter, I hereby

find a judgment in favor of the plaintiff, Werner Waesch, in the amount of $430.16.

"Such amount is broken down as follows:

Cost of Repairs by Schroeder Bros... $269.16
Additional Damages to automobile
(remaining after above repairs).... 150.00
Costs........................... 11.00
$430.16"

Also on July 1, 1960, the magistrate made the following entry in his docket:

"Parties advised by letter of finding and order in favor of plaintiff and against defendant, with damages and costs to plaintiff in the amount of $430.16."

On July 25, 1960, the magistrate made the following additional entry in his docket:

"Judgment docketed in favor of plaintiff and against defendant in amount of $419.16 and $11.00 costs."

The defendant's position is that the docket entry on July 1st was not a final judgment from which an appeal could be taken; that the entry of July 25th was the final judgment and, therefore, its appeal on August 4, 1960, was within 20 days of the judgment and was in apt time. It further contends that the magistrate lost jurisdiction of the case by taking it under advisement indefinitely.

In support of the last contention the defendant cites two cases which are exactly in point and which we regard as dispositive of this appeal. The cases concern justices of the peace but they are equally applicable to police magistrates. In Hall v. Reber, 36 Ill 483 (1865), the Supreme Court said that after hearing

a case a justice of the peace could take time to reflect upon the evidence or to examine the law, but that if he did so it was necessary that "the adjournment should be for a definite time, and should be announced in open court, that the parties may be present at the decision, in order to take such steps for the protection of their interests as they deem proper." The Appellate Court in Colwell v. Swick, 190 Ill App 369 (1914), cited Hall v. Reber and stated:

> "The rule is that a justice of the peace, at the conclusion of a trial before him, must either render judgment or continue the cause to some definite time when he shall render judgment. If he takes the case under advisement indefinitely, a judgment subsequently rendered by him is a nullity."

At the time these opinions were written there was no statute touching upon either the subject of decisions given in secrecy or the one of unreasonable delay. When the present case was tried the following statute, enacted in 1937, was in effect:

> "If the justice does not render final judgment within thirty days after trial, he shall immediately remit all costs advanced to him, shall forfeit his right to costs which are then due, and the cause shall be considered as dismissed without prejudice to any party." (Ill Rev Stats, 1959, c 79, § 59a.)

It is the contention of the plaintiff that because of this statute a justice of the peace can now take the case under advisement without fixing a definite date for rendering judgment, just as long as the judgment is forthcoming not more than 30 days after the hearing. This was the procedure in this case and the plaintiff argues that this case is governed by the stat-

ute "rather than case law promulgated before it was passed."

■ If the statute were in conflict with the earlier case law the statute would be controlling. But the statute can be reconciled with the two cases cited and these cases reflect the law of our state on this subject. The common law is not to be regarded as abrogated by statute unless it clearly appears that such was the legislative intent. People v. Gill, 30 Ill App2d 32, 173 NE2d 568; 34 ILP Statutes, sec 176. The statute by implication permits a justice of the peace to take a case under advisement for 30 days, but the statute does not, directly or by implication, permit a case to be taken under advisement without a day certain being fixed within the 30-day period. Thus, it does not conflict with or overturn the prior judicial decisions. Although the statute eliminates the possibility of cases remaining unresolved if they are not otherwise terminated within 30 days, it does nothing about the possibility of decisions being made out of the presence of litigants, the one point stressed in the Hall case as the reason for prohibiting cases from being taken under indefinite advisement.

■ ■ The statute was enacted after these judicial opinions and it must be presumed that the legislature acted with knowledge of the prevailing case law. Illinois Power Co. v. City of Jacksonville, 18 Ill2d 618, 165 NE2d 300; Heineman v. Hermann, 385 Ill 191, 52 NE2d 263; City of Decatur v. German, 310 Ill 591, 142 NE 252. A fundamental rule of statutory construction is to ascertain the intention of the legislature and to give effect to its intention as expressed in the statute. People v. LaPorte, 28 Ill App2d 139, 171 NE2d 95. If the legislature had intended to change the existing law it could have done so. Not having done so, we cannot say that the reason given for the rule, as stated

in Hall v. Reber, has been eliminated by the statutory enactment fixing the 30-day limitation beyond which a justice of the peace cannot make known his decision.

The order of the Circuit Court is reversed.

Reversed.

SCHWARTZ and McCORMICK, JJ., concur.