GREAT LAKES MORTGAGE CORPORATION, Plaintiff-Appellant, *v.* LILLIE M. COLLYMORE and "UNKNOWN OWNERS", Defendants-Appellees.

(No. 57790;

First District (5th Division)—July 27, 1973.

*Rehearing denied September 21, 1973.*

Donald Eugene Hoopingarner, of Chicago, for appellant.

No appearance for appellees.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff appeals from a judgment denying its request for a common-law strict foreclosure on property. owned by defendant Lillie M. Colly-more and for appointment of a receiver *pendente lite* to collects rents and profits accruing to the property. In denying the relief the court held that strict foreclosure was no longer an available remedy to a mortgage holder in Illinois because it was inconsistent with the governing statutes (Ill. Rev. Stat. 1957, ch. 77, pars. 1 *et seq.*) which will be set forth in relevant part later but which in general require a judicial sale in the process of foreclosing a mortgage absent the express consent of the mortgagor.

Defendant has failed to file an appearance or brief in this court. Nevertheless, we shall address the merits of the case. *Daley v. Jack's Tivoli Liquor Lounge, Inc.*, 118 Ill.App.2d 264, 254 N.E.2d 814.

Plaintiff's complaint to foreclosure alleged that on November 11, 1970, defendant Lillie Collymore signed a note payable to plaintiff in the sum of $17,050; that the note was secured by a mortgage on the subject property; that defendant had defaulted in the payment schedule beginning with the payment due August 1, 1971; that $16,976.06 was still due on the note; that by reason of the default plaintiff had declared the entire balance to be due presently; that the cash value of the subject property (which contained a dwelling thereon) is less than 90% of the amount still owed to plaintiff and taxes due on the property; and that the defendant is insolvent.

The defendant failed to answer or otherwise respond to the complaint, and the court entered an order declaring that she was in default and that the complaint be taken as confessed against her. Plaintiff submitted an affidavit supporting the facts alleged in the complaint and then moved for entry of a decree of strict foreclosure at common law including a three month redemption period for defendants and for the appointment of a receiver *pendente lite*. The court denied the motion and made the following findings: that the defendant confessed to the fact that the value of the property was less than the indebtedness to plaintiff and the costs of the action, and that defendant was insolvent; that proof of

the foregoing facts was presented in conformity with (Ill. Rev. Stat. 1971, ch. 95, par. 22b;)[1] but that since the draft of the decree submitted along with the motion for strict foreclosure did not provide "for the sale of the mortgaged premises in conformity with statutes of Illinois," the motion is denied.

*Opinion*

Plaintiff first contends that under the circumstances it is entitled to a decree granting it a common law strict foreclosure of its mortgage.

The precise issue here is whether the addition of sections 18(c) and 18(d) in 1957 to the "Act in regard to judgments and decrees, and the manner of enforcing the same by execution, and to provide for the redemption of real estate sold under execution or decree" abolished the common law remedy of strict foreclosure. Ill. Rev. Stat. 1957, ch. 77, pars. 18(c) and 18(d).

Section 18(c) provided in relevant part: [2]

"In any foreclosure proceeding involving any mortgage or trust deed in the nature of a mortgage executed after the effective date of this section, * * *, if the court shall find in its decree of foreclosure that the value of the mortgaged property at the time of entry of such decree, does not exceed 90 per cent of the amount of indebtedness found due in the decree plus the total delinquent taxes and assessments and other prior liens, if any, on the mortgaged property, and if the owner of the indebtedness so found due shall consent to a waiver of any and all rights to a deficiency judgment, * * *, then such waiver shall be binding upon and be an effective bar against obtaining a deficiency judgment by such owner of the indebtedness. When any sale is had under any order or decree of foreclosure upon consent to waiver of all rights to a deficiency judgment filed as aforesaid, any defendant, * * * may, within three months from said sale, redeem the real estate so sold by paying to the purchaser thereof, * * * or to the sheriff or master in chancery or the officer who sold the same, * * *, for the benefit of such purchaser, * * *, the sum of money for which the premises were sold or bid off, with interest

---

[1] "In the trial of a foreclosure suit, the evidence shall be taken in open court.

Where any fact alleged in the Complaint is not controverted by answer filed thereto, a sworn verification of the complaint or a separate affidavit filed in the case setting forth such fact, shall be sufficient evidence thereof and no further evidence of such fact shall be required * * *."

[2] It has since been amended but not in any way which affects the issue being discussed.

thereon at the rate of six percentum per annum from the time of such sale, whereupon such sale and certificate shall be null and void."

Section 18(d) provided in relevant part: [3]

"In any suit to foreclose a mortgage or trust deed in the nature of a mortgage, the court may enter a decree satisfying the mortgage indebtedness by vesting absolute title to the mortgaged property in the mortgagee or trustee, free and clear of all claims, liens, and interests of the mortgagor and of all persons claiming by, through or under the mortgagor, and, except as herein provided, free and clear of all rights to redeem if, after the institution of the suit, the owner of the mortgaged property expressly consents to the entry of such a decree; provided, that any defendant, * * *, may within three months from the date of the entry of such a decree, redeem the real estate by paying to the decree creditor, * * *, the sum of money therein found due for said mortgage debt, with interest thereon at the legal rate and costs whereupon said decree and mortgage debt shall be satisfied and fully discharged, in default of which all rights and equity of redemption in and to the mortgaged premises shall be barred and foreclosed. * * *."

Strict foreclosure of a mortgage, in part, alleviates the necessity of conducting a judicial sale of the property since the decree serves to vest title in the mortgagee upon failure of the mortgagor to clear his debt within the period of the equity of redemption set forth in the decree. See *Aletto v. Kyatt,* 12 Ill.App.2d 93, 138 N.E.2d 695; Kratovil, Modern Mortgage Law and Practice, p. 329 (1972 ed.).

■■ There is no question that this remedy has been available under the common law of this state prior to the cited amendments upon proof of the following facts: (1) that the mortgagor or the owner of the equity of redemption is insolvent; (2) that the value of the property is less than the mortgage indebtedness and taxes on the property; and (3) that the mortgagee accepts title to the property in extinction of the mortgage indebtedness, *i.e.,* that he gives up the right to a deficiency judgment against the mortgagor. *Carpenter v. Plagge,* 192 Ill. 82, 99; *Pruett v. Midkiff,* 273 Ill.App. 142, 144; *Aletto v. Kyatt,* 12 Ill.App.2d 93, 138 N.E.2d 695.

■■ We must interpret Sections 18(c) and 18(d) in light of the rule that a statute alleged to be in derogation of the common law should not be construed as changing the common law beyond what is expressed by words in the statute or is necessarily implied therefrom. *Walter v.*

---

[3] See Note 2, supra.

*Northern Ins. Co. of N.Y.*, 370 Ill. 283, 18 N.E.2d 906, rev'g 294 Ill.App. 133, 13 N.E.2d 660; see also *Johnson v. Donnell*, 15 Ill. 97, 100.

■■ Sections 18(c) and 18(d) certainly do not expressly abrogate the remedy of strict foreclosure. Neither, we believe, do they impliedly do so. Taking section 18(d) first, its application (unlike strict foreclosure) is not conditioned upon the value of the indebtedness exceeding the value of the property, or the insolvency of the debtor. Rather, it permits title to be vested in the mortgagee, without judicial sale, only if the mortgagor expressly consents to such after the filing of the foreclosure suit. Similarly, section 18(c) is not co-extensive with strict foreclosure; (1) it does not require the insolvency of the mortgagor; and (2) it applies only when the value of the property does not exceed 90% of the indebtedness and accrued taxes and liens on the property. Furthermore, the remedy provided under section 18(c) is obviously different from that awarded under strict foreclosure. Section 18(c) (as opposed to strict foreclosure) requires a judicial sale and provides for a statutory period of redemption.

Further evidence that the cited sections do not abrogate the remedy of strict foreclosure is revealed by noting the language of Section 245 of the Probate Act (Ill. Rev. Stat. 1957, ch. 3, par. 399) dealing with the sale of real estate during the administration of an estate. It provides:

> "No decree of strict foreclosure shall be made upon any mortgage executed or joined in pursuant to the provisions of this Article, but redemption shall be allowed as provided by law in cases of sales under execution upon common law judgments [referring to Ill. Rev. Stat. 1957, ch. 77, pars. 1 et seq.]" (Emphasis supplied.)

It is apparent that had the legislature intended to prohibit strict foreclosures by substitution of other methods under the factual circumstances of sections 18(c) and (d), it would have clearly so provided as was done in the statute quoted above.

■■ The following quote from *Johnson v. Donnell*, 15 Ill. 97, 100 (1853), wherein the court held that a statute prescribing the terms for redemption of land sold through judicial sale did not abrogate the remedy of strict foreclosure is applicable here:

> "And so long as such cases might frequently arise, we may well presume that it was not mere inadvertence on the part of the legislature, that the power to enter such decrees [of strict foreclosure] was not taken away. This power may possibly be abused by the courts. If this were a valid argument against the existence of the power, in order to satisfy it, it would be necessary to deprive the courts of all power to do justice as well as injustice,

"for there are very few powers which are held, either by courts or others, which may not be abused and perverted. But such an argument is more properly addressed to the legislature than to the courts themselves. Before the passage of the law quoted, the power here exercised did exist, and this statute did not pretend to take it away or abridge it, and the conclusion necessarily follows that it still exists."

We hold that common law strict foreclosure is an available remedy upon proper proof, as is present here, of the factors set forth earlier.

Plaintiff next urges that the court erred in denying plaintiff's motion for the appointment of a receiver *pendente lite* to collect rents or profits from the subject property. Since in this case we have determined that the plaintiff is entitled to a judgment of strict foreclosure immediately upon remand, it is unnecessary to consider this issue.

The decision is reversed with directions to enter an order granting strict foreclosure with a three month period of redemption as provided for in plaintiff's draft copy of a judgment of foreclosure.

Reversed and remanded with directions.

ENGLISH and LORENZ, JJ., concur.