ANTON G. LITES, Plaintiff-Appellant, *v.* HAROLD JACKSON *et al.*, Trustees of the Village of Maywood, Defendants-Appellees.

First District (3rd Division)    No. 78-279

Opinion filed March 28, 1979.

S. Severe Cole, of Chicago, for appellant.

Ancel, Glink, Diamond & Murphy, P. C., of Chicago (Ronald S. Cope, of counsel), for appellees.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Anton G. Lites, brought this action against the trustees of the Village of Maywood to compel payment of his salary as clerk of the village. The trustees had refused to pay the plaintiff's salary because of the alleged nonperformance of his duties as clerk. The trial court judge entered a judgment directing that the trustees approve the payment of plaintiff's salary, but also directing that the plaintiff perform the duties of his office. The plaintiff then filed a petition to recover his attorney's fees for having to bring the action pursuant to "An Act providing for attorney's fees * * *" (Ill. Rev. Stat. 1977, ch. 13, par. 13). The petition was denied. The plaintiff is appealing solely the denial of the petition for attorney's fees. We affirm.

The plaintiff contends that the clerk of a village is an *employee* within the meaning of that term as used in "An Act providing for attorney's fees * * *" and that, therefore, he is entitled to recover his attorney's fees. This is the only issue raised in the appeal. The Act provides:

> "Whenever a mechanic, artisan, miner, laborer, servant or employee brings suit for wages earned and due and owing according to the terms of the employment, and establishes by the decision of the court or jury that the amount for which he has brought suit is justly due and owing, * * * then the court shall allow to the plaintiff a reasonable attorney fee * * * in addition to the amount found due and owing for wages, to be taxed as costs of suit."

■■ There is no common law principle in Illinois allowing attorney's fees either as costs or damages. (*Qazi v. Ismail*, 50 Ill. App. 3d 271, 273, 364 N.E.2d 595, 596 (1977); *House of Vision, Inc. v. Hiyane*, 42 Ill. 2d 45, 51-52, 245 N.E.2d 468, 472 (1969); *Waller v. Board of Education*, 28 Ill. App. 3d 328, 329-30, 328 N.E.2d 604, 607-08 (1975).) The Act must, therefore, be considered in derogation of the common law.

■■ Statutes in derogation of the common law are strictly construed, since the common law is not to be deemed abrogated by statute unless it appears clearly that such was the legislative intent. (*Waesch v. Elgin, Joliet & Eastern Ry. Co.*, 38 Ill. App. 2d 56, 60, 186 N.E.2d 369, 371 (1962);

34 Ill. L. & Prac. *Statutes* §176 (1958).) Statutes in derogation of the common law cannot be construed as changing the common law beyond what is expressed by the words of the statute or is necessarily implied from what is expressed, and it will not be presumed that an innovation was intended further than that which was specified or was clearly implied. See *Great Lakes Mortgage Corp. v. Collymore*, 14 Ill. App. 3d 68, 71-72, 302 N.E.2d 248, 250 (1973); 34 Ill. L. & Prac. *Statutes* §176. (1958).

■■ The remedial aspect of a statute in derogation of the common law does not warrant construing the statute liberally from the standpoint of exclusion and inclusion of persons, but the statute will be strictly construed in determining what persons are within the statute. (*Cedar Park Cemetery Association, Inc. v. Cooper*, 408 Ill. 79, 83, 96 N.E.2d 482, 484 (1951); 34 Ill. L. & Prac. *Statutes* §176 (1958).) Specifically, in *Cedar Park Cemetery Association, Inc.*, 408 Ill. 79, 82-83, 96 N.E.2d 482, 484 (1951), the court stated:

> "A statute will be construed as changing the common law only to the extent the terms thereof warrant, or as necessarily implied from what is expressed. [Citation.] It will not be presumed that an innovation was intended beyond what is specifically or clearly implied. * * *
>
> Some may say the act has its remedial aspects when examined from the standpoint of the evil attacked by the legislature. Even though that be so, *it will not warrant construing the act liberally from the standpoint of exclusion and inclusions of persons, for we cannot read into it something which is not within the clearly expressed intent of the legislature.* [Citation.] *Where a statute has remedial features and is at the same time in derogation of the common law, it will be strictly construed when determining what persons come within the statute.* * * *" (Emphasis added.)

■ When the Act is strictly construed for the purpose of determining what persons come within the statute, it must be conceded that the word *employee* is not used in the Act in its broadest sense, since it is preceded by the words *mechanic, artisan, miner, laborer* or *servant*. If the legislature intended the word *employee* to mean *any* person paid a remuneration for his services, then the preceding words in the Act are utterly superfluous. Although the word *employee* in the Act is a general word, as opposed to the particular words that precede it, it is plain the word *employee* is used in a limited and restricted sense. *Goodridge v. Alton*, 140 Ill. App. 373, 374 (1908).

■■ When a general word follows a particular one in a statute, it is an established principle to construe it as applicable to persons *ejusdem*

*generis*. (*Goodridge*, 140 Ill. App. 373, 374-75; *Buren v. Mercury Press, Inc.*, 280 Ill. App. 217, 221-22 (1935).) The word *employee* in the Act must, therefore, be held to mean and include all persons hired to render services of the same general nature that are due from a *mechanic, artisan, miner, laborer* or *servant*. See *Goodridge*, 140 Ill. App. 373, 375.

It cannot be said that an elected official of a village, such as the clerk, is remunerated for services like those of a mechanic, artisan, miner, laborer, or servant. Pursuant to the statutes of Illinois, the clerk of a village is *elected* at the general election for trustees to the *office* of clerk. Clearly, he is an officer and an official of the village as opposed to being or functioning as an employee. What the court said in *People ex rel. Jacobs v. Coffin*, 282 Ill. 599, 606-07, 119 N.E. 54, 57 (1918), is apposite here:

> "In many cases it is difficult to determine whether a person is an officer or merely an agent or employee of a municipality. * * * Generally, an officer takes an oath of office, while a mere agent or employee does not. The duties and services of a mere employee are purely ministerial, and he is not clothed with discretion nor with power to represent or bind the corporation. * * * An office is a place in a governmental system created or recognized by the law of the State, which either directly or by delegated authority assigns to the incumbent thereof the continuous performance of certain permanent public duties. * * * An employment differs from * * * an office * * * in that its duties, which are non-governmental, are neither certain nor permanent. * * *"

Plainly, we would have to improperly expand the use of the word *employee* in the Act rather than strictly construing its meaning in order to conclude that an elected officer of a village is in reality an employee. Such an unwarranted construction would efface any distinction between employees and officials of a municipality. It would also extend the meaning of the word *employee* well beyond any prior interpretation of the term under the Act. See *Buren v. Mercury Press, Inc.*, 280 Ill. App. 217 (1935); *Goodridge v. Alton*, 140 Ill. App. 373 (1908).

The plaintiff's reliance upon the case of *Reiss v. El Bauer Chevrolet Co.*, 96 Ill. App. 2d 266, 238 N.E.2d 619 (1968), is unavailing. That case merely held that two automobile salesmen could bring an action for attorneys' fees against their employer pursuant to the Act. The category of the claimants in that case is not analogous to that which is involved in the present case.

▮▮ We believe for the reasons stated, the clerk of a village is not an employee within the meaning of that term as used in "An Act providing for attorney's fees * * *" and that, therefore, the plaintiff is not entitled to recover his attorney's fees for bringing the action to compel the payment

of his salary as an official of the village. The trial court judge properly denied the plaintiff's petition.

Judgment affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.