**Luke DALLIS, Plaintiff,**

v.

**DON CUNNINGHAM & ASSOCIATES, Defendant.**

**No. 91 C 2203.**

United States District Court, N.D. Illinois, E.D.

July 22, 1992.

Lawrence B. Finn, Edward J. McCambridge, Segal, McCambridge, Singer & Mahoney, Ltd., Chicago, Ill., for Luke Dallis.

Roger C. Elliott, Anthony George Argeros, Elliott & McClure, Momence, Ill., Nicholas J. Motherway, Motherway & Glenn, Chicago, Ill., for Don Cunningham & Associates and Don Cunningham.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter comes before the court on defendant's motion to dismiss Count III of the third amended complaint pursuant to Rule 12(b)(6) Fed.R.Civ.P. For the reasons set forth below, the motion is granted.

## BACKGROUND

Defendant Don Cunningham & Associates ("Associates") employed plaintiff Luke Dallis ("Dallis") as an independent sales representative from approximately June, 1982 until April 15, 1989. Dallis alleges that in 1987 he and Associates entered into an oral contract in which Dallis agreed to be a sales representative for Associates.

Pursuant to this agreement, Dallis was neither an employee nor an agent of Associates but rather an independent contractor. Moreover, pursuant to this oral contract, Dallis agreed to represent certain manufacturers under an agreed-upon compensation arrangement. Associates allegedly agreed to compensate Dallis on a commission basis. Among numerous other terms, the compensation arrangement entitled Dallis to a monthly draw against his commissions. Additionally, at the end of the calendar year, Dallis was entitled to all unpaid commissions.

Dallis voluntarily terminated his business relationship with Associates on April 15, 1989. Accordingly to the amended complaint, Associates prepared detailed monthly reports from February through August of 1989 that showed Dallis was entitled to $79,930.02 in unpaid commissions. Dallis also alleges that Associates received commissions from manufacturers after August of 1989 from orders obtained by Dallis prior to April 15, 1989. Associates allegedly never paid Dallis any of these commissions. Consequently, Dallis filed suit.

In Count III of his third amended complaint, Dallis purports to state a claim for attorneys fees pursuant to the Illinois Attorneys Fees in Wage Actions Act, Ill.Rev. Stat. ch. 13 ¶ 13 (1991). Associates now move to dismiss Count III pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

## DISCUSSION

■ The sole issue before the court is whether an independent contractor[1] can state a cause of action under the Illinois Attorneys Fees in Wage Actions Act ("the Act"), Ill.Rev.Stat. ch. 13, ¶ 13 (1991). Associates argue that the Act only applies to employment relationships, and does not apply to actions brought by independent contractors. On the other hand, Dallis claims that the Act does not require that a plaintiff be an "employee" in order to pursue a claim under the Act, and that under the circumstances he should be allowed to state

a claim for attorneys fees under the Act despite being an independent contractor.

Ill.Rev.Stat. ch. 13, ¶ 13 provides in pertinent part:

> Whenever a mechanic, artisan, miner, laborer, or servant, or employee, shall have cause to bring suit for his or her wages earned and due, and owing according to the terms of the employment, and he or she shall establish by the decision of the court or jury that the amount for which he or she has brought suit is justly due and owing ... then it shall be the duty of the court ... to allow to the plaintiff ... a reasonable attorney fee ...

■ Ill.Rev.Stat. ch. 13, ¶ 13 (1963). The provisions allowing the recovery of attorneys fees are in derogation of common law, and therefore must be strictly construed. *See Caruso v. Board of Trustees of Public School Teachers' Pension and Retirement Fund of Chicago*, 129 Ill.App.3d 1083, 85 Ill.Dec. 49, 473 N.E.2d 417 (1st Dist.1984); *Koudelka v. Village of Woodridge*, 91 Ill. App.3d 884, 46 Ill.Dec. 268, 413 N.E.2d 1381 (2d Dist.1980).

The Illinois Supreme Court has not yet defined the scope of the term "employee" under the act, and the Illinois appellate court opinions which address this issue appear to conflict. Therefore, we must construe the statute as we believe the Illinois Supreme Court would. *See Barr Co. v. Safeco Insurance Co.*, 583 F.Supp. 248, 254 (N.D.Ill.1984), *rev'd in part*, 706 F.Supp. 616 (N.D.Ill.1989). In making such a prediction, we must consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court would decide the issue at hand. *Id.*

In *Reiss v. El Bauer Chevrolet Co.*, 96 Ill.App.2d 266, 238 N.E.2d 619 (4th Dist. 1968), the court departed from previous cases which held that the term "employee" in the statute included only those who performed services comparable to a mechanic, artisan, miner, laborer, or servant. Rather, the court held that the word "employ-

---

**1.** The parties agree that Dallis was an independent contractor.

ees" applied to "all employees who must sue to obtain payment of their wages and who otherwise comply with the requirements of the statute." *Reiss*, 96 Ill.App.2d at 271, 238 N.E.2d 619, cited in *Koop & Associates v. KPK Corp.*, 119 Ill.App.3d 391, 75 Ill.Dec. 276, 286, 457 N.E.2d 66, 76 (2d Dist.1983). However, in *Lites v. Jackson*, 70 Ill.App.3d 374, 26 Ill.Dec. 288, 387 N.E.2d 1118 (1st Dist.1979), the court held that the decision in *Reiss* was limited to the particular facts of the case, and that the term "employee" must be construed so as to include only those employed to render services similar to those rendered by a mechanic, artisan, miner, laborer, or servant. 70 Ill.App.3d at 377, 26 Ill.Dec. 288, 387 N.E.2d 1118.

In *Koop & Associates v. KPK Corp.*, *supra*, the court followed the ruling in *Lites* and found that plaintiff could not state a cause of action under the Act because his employment was not in the nature of a mechanic, artisan, laborer, or servant. 75 Ill.Dec. at 286–87, 457 N.E.2d 66. Rather, the court found that the plaintiff was like an independent contractor, and therefore could not be considered an employee under the Act. *Id.*

In his memorandum in opposition to the motion to dismiss, Dallis cites several cases in which salesmen were allowed to recover attorneys fees under the Act. However, the circumstances in those cases are materially different from those present here, and thus those cases can be distinguished. In *Schackleton v. Federal Signal Corp.*, 196 Ill.App.3d 437, 143 Ill.Dec. 309, 554 N.E.2d 244 (1st Dist.1989), the court held that a commission salesman was entitled to recover attorneys fees under the Act. The *Schackleton* court, citing *Reiss*, *supra*, held that a commission salesman was an employee within the meaning of the Act. Similarly, in *Johnson v. Figgie International, Inc.*, 151 Ill.App.3d 496, 509, 104 Ill.Dec. 300, 309, 502 N.E.2d 797, 806 (2d Dist.1986), the court again relied on *Reiss* in holding that a salesman was considered an "employee" under the Act. In so holding, the *Johnson* court emphasized that *Reiss* had never been overruled, and attempted to distinguish *Lites* and *Koop*, *su-*

*pra*, where the courts had strictly construed the meaning of employee to include only those whose work was similar to that of a mechanic, artisan, or laborer.

Apparently it is still unresolved whether the term "employee" should be construed as applying to all employees, or alternatively, only to employees whose work is comparable to that of a mechanic, artisan, or laborer. Yet, we do not need to address this issue in order to resolve the issue currently before us: whether a salesman who is an independent contractor can recover attorneys fees under the Act. Despite their conflicting interpretations of the term "employee," all of the Illinois court seem to agree that an independent contractor is not covered by the Act. In *Johnson*, although the court broadly construed the term employee, the court cited the Black's Law Dictionary definition of employee: " 'Employee' must be distinguished from independent contractor, officer, vice-principal, agent, etc." 104 Ill.Dec. at 309, 502 N.E.2d at 806. Similarly, the *Koop* court found that the plaintiff was an independent contractor, and thus could not recover under the Act. 75 Ill.Dec. at 287, 457 N.E.2d at 77. Even in *Schackleton* and *Johnson*, where the court held that salesmen could recover under the Act, there was no dispute that the plaintiffs were employees rather than independent contractors.

Therefore, even accepting the *Reiss*, *Schackleton* and *Johnson* courts' interpretation of the Act, we find no basis for holding that an independent contractor is entitled to recover attorneys fees under the Act. Since it is undisputed that Dallis was an independent contractor, rather than an employee, the cases holding that salesmen who were employees are covered under the Act are distinguishable. Accordingly, defendant's motion to dismiss Count III is granted.

## CONCLUSION

Because we find that plaintiff cannot state a claim under the Illinois Attorneys Fees in Wage Actions Act, defendant's mo-

tion to dismiss Count III of the third amended complaint is granted.