RUDOLPH SCOBY, Plaintiff-Appellant, v. CIVIL SERVICE COMMISSION OF THE CITY OF EAST ST. LOUIS *et al.*, Defendants-Appellees.

Fifth District   No. 5—92—0282

Opinion filed December 14, 1993.

George R. Ripplinger, Jr., of Ripplinger, Dixon & Johnston, of Belleville, for appellant.

Robert L. Merriwether, Jr., of East St. Louis, for appellees.

JUSTICE WELCH delivered the opinion of the court:

On March 23, 1992, Rudolph Scoby (plaintiff) filed in the circuit court of St. Clair County a petition for attorney fees (petition) seeking $86,714.80 in attorney fees in a wrongful discharge action against the defendants, Civil Service Commission of East St. Louis and the City of East St. Louis (defendants). Plaintiff claimed he was entitled to attorney fees under the Attorneys Fees in Wage Actions Act (Fees Act) (Ill. Rev. Stat. 1991, ch. 13, par. 13 (now 705 ILCS 225/1 (West 1992))).

On April 2, 1992, the defendants filed a motion for summary judgment pursuant to section 2—1005 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005 (now 735 ILCS 5/2—

1005 (West 1992))). Defendants argued that the plaintiff's attorney was not entitled to attorney fees because the underlying case involved recovery of damages for wrongful discharge and was therefore outside the purview of the Fees Act.

On April 16, 1992, the circuit court of St. Clair County entered an order granting the defendant's motion for summary judgment. The trial court based its decision on *Thaxton v. Walton* (1983), 122 Ill. App. 3d 266, 461 N.E.2d 476, *aff'd in part & rev'd in part on other grounds* (1985), 106 Ill. 2d 513, 478 N.E.2d 1350. Plaintiff now appeals that order.

The single issue before this court is whether the Fees Act permits a successful plaintiff to recover attorney fees in wrongful discharge cases. We hold that it does not.

■ In relevant part, the Fees Act provides:

"Whenever *** [an] employee brings an action for *wages earned and due and owing* according to the terms of the employment, and establishes by the decision of the court or jury that the amount for which he or she has brought the action is justly due and owing, *** then the court shall allow to the plaintiff a reasonable attorney fee *** in addition to the amount found due and owing for wages, to be taxed as costs of the action." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 13, par. 13 (now 705 ILCS 225/1 (West 1992)).

■ In Illinois, there is no common law right allowing successful litigants to recover attorney fees as either costs or damages. (*Lites v. Jackson* (1979), 70 Ill. App. 3d 374, 375, 387 N.E.2d 1118, 1119.) However, when the legislature enacted the Fees Act in 1889, it changed the common law by permitting victorious employees to recover their attorney fees in cases where wages were "earned and due and owing" (*i.e.*, cases involving wages owed for work *actually performed* (see *Schackleton v. Federal Signal Corp.* (1989), 196 Ill. App. 3d 437, 447, 554 N.E.2d 244, 251)). Because the Fees Act worked a change in the common law, it must be strictly construed. See *Swanson v. Village of Lake in the Hills* (1992), 233 Ill. App. 3d 58, 67, 598 N.E.2d 430, 436; *Dallis v. Don Cunningham & Associates* (N.D. Ill. 1992), 796 F. Supp. 1127, 1128; *Caruso v. Board of Trustees of the Public School Teachers' Pension & Retirement Fund* (1984), 129 Ill. App. 3d 1083, 1087, 473 N.E.2d 417, 420; *Koudelka v. Village of Woodridge* (1980), 91 Ill. App. 3d 884, 888, 413 N.E.2d 1381, 1384; *Lites v. Jackson* (1979), 70 Ill. App. 3d 374, 375, 387 N.E.2d 1118, 1119.

Despite the clear weight of precedent holding that the Fees Act is to be narrowly construed, the plaintiff argues that the statute should be liberally construed to permit the recovery of attorney fees in wrongful discharge cases. Even if this court were to apply a liberal construction to the Fees Act, the outcome would be the same since courts are not free to ignore a statute's plain language when applying a rule of liberal construction. (*Dodson v. Shaw* (1983), 113 Ill. App. 3d 1063, 1067, 448 N.E.2d 188, 191.) Nor does the rule of liberal construction "permit either restriction or enlargement of the meaning of the terms of [a] statute." (*Parizon v. Granite City Steel Co.* (1966), 71 Ill. App. 2d 53, 70, 218 N.E.2d 27, 36.) Similarly, "[i]t is not within the province of [a court] to take from or enlarge the meaning of a statute by reading into it language which will, in the [court's] opinion ***, correct any supposed omission or defects." *American Steel Foundries v. Gordon* (1949), 404 Ill. 174, 180-81, 88 N.E.2d 465, 468.

Shortly after the enactment of the Fees Act, it was held in 1895 that the Act did not apply in actions seeking recovery of damages for employment discharge. (*World's Columbian Exposition v. Thompson* (1894), 57 Ill. App. 606.) This interpretation has stood for nearly a century, and the courts have since reaffirmed the distinction between *wages owed for work performed* and *damages sought for wrongful/improper discharge. Schackleton v. Federal Signal Corp.* (1989), 196 Ill. App. 3d 437, 554 N.E.2d 244; *Thaxton v. Walton* (1983), 122 Ill. App. 3d 266, 461 N.E.2d 476, *aff'd in part & rev'd in part on other grounds* (1985), 106 Ill. 2d 513, 478 N.E.2d 1350; *Great Northern Hotel Co. v. Leopold* (1897), 72 Ill. App. 108.

The plaintiff in *Thaxton*, like the plaintiff in the instant case, was a civil service employee wrongfully discharged by his city employer who was successful in being reinstated to his previous positions and winning back pay, but who was denied attorney fees under the Fees Act. In *Thaxton*, this court per Justice Green rejected Thaxton's contention that he was entitled to attorney fees, stating that such a request is "one for damages arising from an improper discharge rather than for 'wages earned and due' [under the Fees Act]." *Thaxton*, 122 Ill. App. 3d at 271, 461 N.E.2d at 479.

In *Schackleton v. Federal Signal Corp.* (1989), 196 Ill. App. 3d 437, 554 N.E.2d 244, this court distinguished that case from *Thaxton* by stating:

> "In *Thaxton*, the plaintiff brought a wrongful discharge cause of action for reinstatement and back pay from the date of his termination. The court refused to award attorney fees on the grounds that plaintiff's claim was one for damages arising from

an improper discharge rather than for wages earned due [*sic*] and owing under the Act. [Citation.] The case before us is not based upon a wrongful discharge cause of action, and plaintiff is not seeking damages for his termination or reinstatement. To the contrary, plaintiff here is seeking unpaid commissions for *work actually performed.*" (Emphasis added.) *Schackleton*, 196 Ill. App. 3d at 447, 554 N.E.2d at 251.

While this distinction may be, as the plaintiff characterizes it, an "artificial" one, it is nonetheless a distinction made by the legislature. It is far too late in the day to argue for a different interpretation of the Fees Act. Although the legislature has seen fit to amend the statute twice (once in 1965 and once in 1985), it has not amended the Fees Act so as to bring wrongful discharge cases within its sphere of operation. If the legislature desired such a change, it has had since 1895 to do so.

Although the plaintiff advanced sound arguments as to why attorney fees ought to be recoverable in wrongful discharge cases, those arguments are more appropriately directed to the legislature. It is well settled that courts are not to judicially rewrite statutes. (See, *e.g., Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211, 220, 447 N.E.2d 394, 399; *In re Griffin* (1982), 92 Ill. 2d 48, 52, 440 N.E. 2d 852, 854; *Belfield v. Coop* (1956), 8 Ill. 2d 293, 307, 134 N.E.2d 249, 256; *People v. Boreman* (1948), 401 Ill. 566, 572, 82 N.E.2d 459, 463; *Anderson v. Board of Education of School District No. 91* (1945), 390 Ill. 412, 422, 61 N.E.2d 562, 568.) Consequently, this court will not judicially amend the Fees Act.

For the foregoing reasons we affirm the judgment of the circuit court of St. Clair County holding that the Attorneys Fees in Wage Actions Act (Fees Act) (Ill. Rev. Stat. 1991, ch. 13, par. 13 (now 705 ILCS 225/1 (West 1992))) does not apply in wrongful discharge cases.

Affirmed.

GOLDENHERSH and RARICK, JJ., concur.