John J. Collins, Plaintiff-Appellee, v. R. C. Addicks, Also Known as Ray Addicks, Trading as R. C. Addicks and Associates, Defendant-Appellant.

Gen. No. 10,676.

Opinion filed September 26, 1953.
Released for publication October 13, 1953.

POOL & LANGER, of Ottawa, for appellant.

ZWANZIG, THOMPSON & LANUTI, of Ottawa, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is an appeal from a judgment entered in the circuit court of La Salle county, Illinois, in favor of John J. Collins and against R. C. Addicks, defendant-appellant in the sum of $984.64 and costs of suit. The defendant-appellant operates an insurance agency and is engaged in the business of selling health insurance policies. The plaintiff-appellee is a former employee of the defendant. The suit is based on a disputed portion of his contract of employment, and was tried before the court without a jury.

The plaintiff alleges in his complaint that he was employed by the appellant in the year 1946, and left the employment on or about May 26, 1950. He alleges that he worked in various capacities for the appellant during that time. He sets forth the compensation, which he received in each of these capacities. In Paragraph 5 of the complaint he alleges that appellant agreed to pay him five per cent of the renewal premiums received on all policies of insurance sold by him, and in force at the time he quit his employment for a period of one year after such time as the employment might terminate. He further alleges that at the time he resigned from the appellant's employ, he was receiving from the appellant monthly checks of $115 each, which represented five per cent of the amount of

267

the renewal premiums paid on policies previously sold by him.

The appellant filed an answer in which he admits that the plaintiff was employed by him during the time in which he alleged, and that he had agreed to pay him for his services as claimed by the plaintiff, but denied that there was any contract to pay appellee five per cent of the renewal premiums on the policies sold by him during the one year after he severed his employment with the defendant. The statute of frauds was pleaded because the contract, as alleged by the plaintiff, was not in writing and could not be performed within one year, and that such alleged agreement was unenforceable and invalid under such statute.

The plaintiff made a motion to transfer the case from the law side to the equity side of the court and to file an additional count of his complaint. These motions were allowed. The defendant filed no objections to these motions. The additional count alleged the same facts as set forth in the original complaint, but in addition thereto, alleged that there is some question whether or not the statute of frauds applies and therefore, in equity it would be a fraud on the plaintiff to allow the defense of the statute of frauds, as claimed by the defendant. The appellant filed a motion to dismiss the suit, but was overruled, and he then filed an answer and raised the same defenses as to the original complaint.

There is no question about the employment of the plaintiff by the defendant, or the amount agreed upon as salary for his services. The only question is, whether the contract included that the plaintiff was to receive five per cent commission on all the policies he sold, that were still in force at the time he ceased to be employed by the defendant, and for one year after such time. The plaintiff called Thomas R. Knutson

who had formerly been employed by Mr. Addicks in his insurance business, to testify. He stated that he was present when Mr. Addicks and Mr. Collins discussed their employment, and that he was instrumental in bringing the parties together. He stated positively that the agreement was that Mr. Collins was to receive a certain salary and five per cent commission on all renewal policies that he procured during the time of his employment, and that this five per cent commission was to be paid for one year after the employment was terminated.

John Collins, the plaintiff, testified on his own behalf and stated what the terms of the contract were, and that it was agreed between the plaintiff and defendant that he should receive the five per cent commission for one year after his employment terminated with the defendant on all policies that he had procured, and which were in force at the time that his employment terminated.

██ Mr. Addicks testified on his behalf and flatly and strenuously denied that there was any such contract. As before stated, the case was tried before the court without a jury. He saw and heard the witnesses and was in a much better position than a court of review to pass upon the credibility of the witnesses. His findings should be given much weight by this court. It is our conclusion that there is a clear preponderance of the evidence in favor of the plaintiff, and that he had proven his contract as alleged in his complaint.

It was stipulated at the time of the trial that if Mr. Collins was entitled to recover in the suit, that the amount of five per cent of the renewal premiums on the policies that he had written and were in full force and effect at the time the contract was terminated would be $873.41. Mr. Addicks in his testimony stated that at the time that Mr. Collins left his employment he was in-

debted to him in the sum of $111.23 on his renewals on the policies that he had written. This added to the amount of the renewal commissions claimed, equals $984.64, the amount of the judgment.

 The appellant seriously contends that the statute of frauds is a complete defense to this litigation, as by the terms of the contract it could not be performed within one year and no writing whatsoever was entered into between the parties to show what the contract really was. On the other hand it is argued by the appellee that the contract had been fully performed on the part of the plaintiff, therefore the statute of frauds does not apply. In the earlier case of *Swanzey v. Moore,* 22 Ill. 63, it is there stated: "Executory contracts are only avoided by the statute of frauds; executed contracts never." The above case was cited with approval in *Mead v. Chicago & N. W. R. Co.,* 189 Ill. App. 323, where it is stated: "A further reason appears from the fact that the contract has been fully performed by the plaintiff; therefore the defendant is estopped from relying upon the statute of frauds," and "that executed contracts are never within the statute of frauds." *Warszawa v. White Eagle Brewing Co.,* 299 Ill. App. 509. It is our conclusion that the contract in this case has been fully performed by the plaintiff, and under these circumstances the defendant is estopped from relying upon the statute of frauds.

 This case was transferred from the law side to the chancery side of the court, therefore equity rules prevail in this suit. It is stated in the case of *In re Estate of Niehaus,* 341 Ill. App. 454: "There is no doubt that claimant fully and completely performed her part of the contract; indeed, this is not contradicted. Under the strict wording of the statute of frauds, claimant is barred from asserting her claim. Against this, appellee presents a formidable list of

cases in which such contracts as this, even though they involve real estate, have been enforced. Without attempting to analyze the various cases, it is clear that under the currently prevailing rules of law in this state, full and complete performance of the contract, for years as evident here, takes the case out of the statute of frauds, one reason given being, that the statute was not intended to permit the perpetration of a fraud." To the same effect is *Holmes v. Ackley,* 400 Ill. 372 where it is stated: "The Statute of Frauds is for the purpose of preventing fraud and it cannot be interposed as a defense in equity when it would have such effect." In the present case the plaintiff has performed the terms of his employment, and to deny him relief on the ground that the terms of the employment were not in writing and not to be performed within one year would be a fraud upon the plaintiff, and we therefore hold that the statute of frauds does not apply, and the judgment of the trial court should be and is hereby affirmed.

*Judgment affirmed.*