Carroll Reiss and Keith Swigert, Plaintiffs-Appellees, v. El Bauer Chevrolet Company, a Corporation, Defendant-Appellant.

Gen. No. 10,939.

Fourth District.

June 12, 1968.

Wilson, Dyar, Houchen & McDonald, of Decatur (Vernon H. Houchen, of counsel), for appellant.

Robert D. Owen and Garry E. Davis, Greanias & Owen, of Decatur, for appellees.

CRAVEN, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Macon County entered on a jury verdict in favor of Carroll Reiss for $2,278.95 with reasonable attorneys' fees, and a judgment in favor of Keith Swigert for $1,824.69 with reasonable attorneys' fees against defendant, El Bauer Chevrolet Company; also, from a supplemental judgment by the court for the plaintiffs for attorneys' fees in the sum of $975, taxed as costs against defendant.

The action was brought by plaintiffs, two automobile salesmen, against their employer automobile company to recover, under oral contracts of employment, sums of additional compensation plaintiffs contended due them as a "yearly service bonus" based upon the amount of sales made during a year.

The salesmen were employed under oral contracts of employment for no definite term, providing for payment of commission on each car sale with the additional "yearly service bonus." This bonus was figured each year after the close of the fiscal year of defendant-corporation, which ended July 31. Originally, this sum was payable in September of each year. To qualify for the bonus, the employee was required to be in the employ of defendant on July 31 of each year.

The two salesmen left the employ of defendant after July 31, 1966. Defendant refused to pay them the bonus, contending its general manager, in September, 1963, informed the salesmen that thereafter, in order to qualify for the yearly service bonus, they must be employed by the corporation on the date the yearly service bonus checks were passed out, which was September of each year. Plaintiffs disputed that they were told this in 1963 and 1964, but admitted that the general manager

told them this in September of 1965, after the fiscal year had started.

On the date of the trial, defendant asked leave of court to file an affirmative defense of the Statute of Frauds on the ground that such payments under the oral agreement required more than a year to be completed and were unenforceable under the Statute of Frauds. The court denied leave to file, which is complained of as error.

Error also is complained of an instruction given for plaintiffs and of refusal to give certain instructions tendered by defendant. Appellant also contends error in the awarding of attorneys' fees to plaintiffs in that salesmen suing for a yearly service bonus are not within the statute authorizing allowance of attorneys' fees.

█ The evidence in this case was heard by a jury. From the verdict of the jury, it had to find that plaintiffs were employed under the oral agreement that included payment to them of a commission at the end of the July employment period. The dispute in the evidence as to whether the agreement included a requirement that they still be employed with the corporation in September or October when they received the accounting and payment was determined by the jury in its verdict. The jury was instructed specifically on this issue. There was ample evidence to support its verdict.

██ It was not error to deny leave to file the asserted Statute-of-Frauds defense. The Statute of Frauds is no defense to an executed contract of employment, particularly where all that remains to be done by the other party is the payment of money. Collins v. Addicks, 351 Ill App 266, 114 NE2d 801 (2nd Dist 1953). In the Collins case, the amount due was not determinable until a year after the termination of the employment, while here the amount was determinable at the end of the corporate fiscal year on a year-to-year basis. That executed contracts are never voided by the Statute of

Frauds has been the law of this state since Swanzey v. Moore, 22 Ill 63 (1859). There could have been no error in the court's refusal to permit defendant to amend its pleadings on the day of trial to assert the Statute of Frauds as an affirmative defense, since this would have constituted no defense in this case.

The allowance of attorneys' fees in this case is attacked on the grounds that the statute providing for the allowance of attorneys' fees is limited in its application and does not authorize allowance of attorneys' fees in a suit brought by automobile salesmen for a yearly service bonus. The statute (Ill Rev Stats, c 13, par 13 (SHA)) was enacted in 1889 and has been passed upon by numerous prior decisions of the Appellate Court. The early decisions limited its application to a type of employee restricted by the former language of the statute which provided attorneys' fees "whenever a mechanic, artisan, miner, laborer, or servant, or employee" had cause to bring suit for his or her wages earned and due. Thus, in Epps v. Epps, 17 Ill App 196, the court held a traveling salesman was not a "laborer or servant" within the meaning of the statute. To the same effect was Signor v. Webb, 44 Ill App 338, and Standard Fashion Co., v. Blake, 51 Ill App 233. Also, in Buren v. Mercury Press, 280 Ill App 217, the court denied attorneys' fees in a suit for wages by a salesman on the grounds that one employed as a salesman or solicitor of business for a printing establishment was not "engaged in services like those of a mechanic, artisan, miner, laborer or servant." However, this court, as the Third District Appellate Court, in Bryant v. Vandalia R. Co., 184 Ill App 284 (1913), held that the statute was broad enough in its terms to permit the recovery of attorneys' fees in a suit for wages by a station agent of defendant-railroad.

It appears to us that the statute was broad enough in its language to include all types of employees at the time many of the prior appellate cases passing

upon it were decided. Nevertheless, the statute was amended August 24, 1965, to change the language to "mechanic, artisan, miner, laborer, servant or employee." The obvious legislative intent was to include all employees who must sue to obtain payment of their wages and who otherwise comply with the requirements of the statute.

■ In the instant case, the claim was for a sum earned as wages by an "employee" within the meaning of the statute. We see no merit in the contention of appellant that the suit was for a yearly service bonus and that such a claim was not for wages earned. The evidence showed that the amount claimed due was not a gratuitous bonus but an amount due and owing based upon work produced by the plaintiffs in excess of a stated amount and accumulated on a monthly basis. The method of payment is not controlling in determining whether a sum is wages.

We find no reversible error in the giving of the plaintiffs' instruction No. 4 nor in the refusal to give defendant's instructions Nos. 1, 2 and 3. While plaintiffs' instruction No. 4 was an abstract statement of the statute, it was followed by other instructions fully instructing the jury. The instructions of defendant which were refused did not state correct principles of law, and were properly refused. The given instructions properly instructed the jury on the issues of the case.

We observe that the statute does not provide for the jury to determine whether an attorney's fee shall be allowed in such an action. Rather, it provides that when the court or jury decide that the amount for which suit is brought for wages earned and due and owing according to the terms of the employment is justly due and owing, and that a demand was made in writing at least three days before suit was brought, for a sum not exceeding the amount so found due and owing, "then the court shall allow to the plaintiff a reasonable attorney fee." How-

271

ever, no error has been assigned of the court's having submitted this issue to the jury; nor is there any contention here made as to the amount of the attorneys' fees allowed.

For the reasons aforesaid, we find that the judgments below should be affirmed.

Judgments affirmed.

SMITH, P. J. and TRAPP, J., concur.