ROBERT ALAN SHRAMUK, Plaintiff-Appellant, v. CHARLES C. SNYDER, Indiv., and as a Professional Corporation, Defendant-Appellee.

Second District   No. 2—95—0871

Opinion filed March 28, 1996.

Russell J. Heitz, of John Justin Wyeth & Associates, of Naperville, for appellant.

Joseph R. Lemersal, of Nash, Lalich & Kralovec, of Chicago, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Robert Alan Shramuk, appeals from the order of the circuit court of Du Page County dismissing his claim for attorney fees pursuant to section 1 of the Attorneys Fees in Wage Actions Act (the Act) (705 ILCS 225/1 (West 1994)). The defendant, Charles C. Snyder, a professional corporation, filed a motion to dismiss the appeal or, alternatively, for summary affirmance, which this court ordered taken with the case. After reviewing the merits, we deny the defendant's motion. As to the plaintiff's appeal, we reverse and remand.

After passing the Illinois State Bar Examination in 1990, the plaintiff began employment as an associate attorney with the defendant. The plaintiff was promised an annual salary of $32,000 per calendar year. For the 1991 calendar year, the defendant paid the plaintiff a total of $29,000. On or about January 1, 1992, the plaintiff gave notice to the defendant that he would be leaving its employ. On or about March 3, 1992, the plaintiff ceased working for the defendant.

On August 29, 1992, the plaintiff sent a letter to the defendant wherein the plaintiff discussed the transfer of his "SEP-IRA contribution" from the defendant. In response, the defendant sent the plaintiff a letter advising him that he was not eligible for a SEP contribution for the calendar year 1991 because he had not completed three full years of service with the defendant prior to 1991.

On December 8, 1993, the plaintiff, by his attorneys, sent the defendant a letter and a copy of the complaint. In that letter, the plaintiff stated, "[p]ursuant to 705 ILCS 225/1, please consider this correspondence as a request for $3,000.00 in wages owing to [the plaintiff] as more fully set forth in the enclosed Complaint." In the complaint, the plaintiff alleged that he was owed an amount in excess of $4,681 in wages and unpaid bonuses.

On January 11, 1994, the plaintiff filed a complaint against the defendant for various causes of action, including claims for unpaid wages. On February 3, 1994, the defendant filed a motion to strike

the plaintiff's claim for attorney fees under the Act. On April 21, 1994, the trial court denied the defendant's motion to strike the claim for attorney fees under the Act.

On September 28, 1994, following an arbitration hearing, the arbitrators awarded the plaintiff $3,720 in damages, $3,257.93 in attorney fees, and $158 in costs. On October 26, 1994, the defendant rejected the arbitrators' award to the plaintiff.

On May 16, 1995, the trial commenced. At the conclusion of the plaintiff's case in chief, the defendant presented a motion for a directed finding, arguing that the plaintiff's claim for attorney fees under the Act should be dismissed on the grounds that the employment position held by the plaintiff with the defendant, i.e., an associate attorney, is not of the same general nature as those employment positions listed in section 1 of the Act. After hearing argument on the issue, the trial court denied the defendant's motion for a directed finding.

On May 17, 1995, at the conclusion of the trial, the trial court awarded the plaintiff $3,500 plus costs of $158. However, the trial court dismissed the plaintiff's claim for attorney fees under the Act based upon its finding that the defendant did not vexatiously refuse to pay the plaintiff his wages due and owing.

On June 12, 1995, the plaintiff filed a motion to reconsider the May 17, 1995, order dismissing his claim for attorney fees under the Act. Also on June 12, 1995, the trial court denied the motion. On July 11, 1995, the plaintiff filed a timely notice of appeal.

■ On appeal, the plaintiff argues that, as there are no cross-appeals pending, the sole issue is whether the trial court correctly interpreted the Act as requiring that the employee prove that the employer vexatiously refused to pay wages due and owing to the employee. The plaintiff seems to be arguing that the defendant should have filed a cross-appeal. However, a party cannot complain of error which does not prejudicially affect it, and a party that has obtained by judgment all that it has asked for in the trial court cannot appeal from the judgment. *Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 386 (1983). The forum of the appellate courts should not be afforded to successful parties who may not agree with the reasons, conclusion, or findings of the trial court. *Material Service Corp.*, 98 Ill. 2d at 386. Contrary to what the plaintiff argues, it was unnecessary for the defendant to file a cross-appeal. See *Material Service Corp.*, 98 Ill. 2d at 387. It is the judgment and not what else may have been said by the trial court that is on appeal. *Material Service Corp.*, 98 Ill. 2d at 387. The reviewing court is not bound to accept the reasons given by the trial court for its judgment. *Material*

*Service Corp.*, 98 Ill. 2d at 387. The trial court's judgment may be sustained upon any ground warranted by the record, regardless of whether it was relied upon by the trial court and regardless of whether the reason given by the trial court was correct. *Material Service Corp.*, 98 Ill. 2d at 387. Therefore, the issue on appeal is whether the trial court properly dismissed the plaintiff's claim for attorney fees under the Act.

In its brief, the defendant seems to agree with the plaintiff that the trial court erred in interpreting the Act as requiring the employee to prove that the employer vexatiously refused to pay wages due and owing to the employee. We agree that the trial court erred in so interpreting the Act. See 705 ILCS 225/1 (West 1994).

However, the defendant argues that this court should affirm the trial court's dismissal of the plaintiff's claim for attorney fees under the Act because, for various reasons, the Act does not apply to the facts of the present case. The defendant first argues that the Act does not apply to the facts of the present case because an associate attorney is not the type of "employee" who is protected by the Act. The defendant argues that the word "employee" as used in the Act is not used in its broadest sense, since it is preceded by the words "mechanic, artisan, miner, laborer, [and] servant." 705 ILCS 225/1 (West 1994). The defendant argues that an attorney does not perform services of the same general nature as a mechanic, artisan, miner, laborer, or servant. Thus, the defendant argues that the Act does not apply and that this court should affirm the trial court's dismissal of the plaintiff's claim for attorney fees under the Act.

The question of whether an associate attorney is protected under the Act is a question of statutory construction. The cardinal rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature. *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 81 (1994). The courts should look first to the statutory language because the language of the statute is the best indication of the legislature's intent. *Solich*, 158 Ill. 2d at 81. Where the meaning of the statute is unclear from the language itself, the court may look beyond the language used and consider the purpose behind the statute and the evils the law was designed to remedy. *Solich*, 158 Ill. 2d at 81. Where the language of the statute is clear, the court must give it effect without resorting to other aids for construction. *Solich*, 158 Ill. 2d at 81.

In the present case, section 1 of the Act provides:

"Whenever a mechanic, artisan, miner, laborer, servant or employee brings an action for wages earned and due and owing ac-

cording to the terms of the employment, and establishes by the decision of the court or jury that the amount for which he or she has brought the action is justly due and owing, and that a demand was made in writing at least 3 days before the action was brought, for a sum not exceeding the amount so found due and owing, then the court shall allow to the plaintiff a reasonable attorney fee of not less than $10, in addition to the amount found due and owing for wages, to be taxed as costs of the action." 705 ILCS 225/1 (West 1994).

In *Reiss v. El Bauer Chevrolet Co.*, 96 Ill. App. 2d 266, 270-71 (1968), the Appellate Court, Fourth District, disagreed with previous cases holding that the term "employee" in the Act was limited to those engaged in services like those of a mechanic, artisan, miner, laborer, or servant. The *Reiss* court held that the term "employee" included "all employees who must sue to obtain payment of their wages and who otherwise comply with the requirements of the statute." 96 Ill. App. 2d at 271. The court therefore concluded that the Act authorized the allowance of attorney fees in a suit brought by automobile salesmen for a yearly service bonus. *Reiss*, 96 Ill. App. 2d at 270-71.

In *Lites v. Jackson*, 70 Ill. App. 3d 374 (1979), the Appellate Court, First District, found that the word "employee" in the Act must "be held to mean and include all persons hired to render services of the same general nature that are due from a *mechanic, artisan, miner, laborer or servant.*" (Emphasis in original.) *Lites*, 70 Ill. App. 3d at 377. Noting that the Act is in derogation of the common law and therefore must be strictly construed, the court concluded that an elected official was not an "employee" under the Act because he was an officer and a village official as opposed to being an employee. *Lites*, 70 Ill. App. 3d at 376-77.

In *Howard A. Koop & Associates v. KPK Corp.*, 119 Ill. App. 3d 391 (1983), this court determined that although the plaintiff, who was suing for wages promised him under two employment contracts, was more in the nature of an "employee" than the village official in *Lites*, the plaintiff's services were more like those of an independent contractor. *Koop*, 119 Ill. App. 3d at 405-06. This court held that because no precedent existed for the proposition that this type of employment was contemplated by the legislature in enacting the Act, the plaintiff was not an "employee" within the meaning of the Act. Thus, he was not entitled to attorney fees under the Act. *Koop*, 119 Ill. App. 3d at 406.

In *Johnson v. Figgie International, Inc., Rawlings Sporting Goods Division*, 151 Ill. App. 3d 496, 508 (1986), this court followed *Reiss*,

stating that *Reiss* was on point, had never been overruled, and was correctly decided. In *Johnson*, this court noted that *Koop* and *Lites*, in which the court failed to apply the holding in *Reiss*, were factually distinguishable from *Reiss*. 151 Ill. App. 3d at 508. *Johnson* and *Reiss* were factually similar in that the plaintiffs in both cases requested reimbursement for work actually performed as salesmen. *Johnson*, 151 Ill. App. 3d at 508. In *Johnson*, this court concluded that salesmen working for wages are "employees" within the meaning of the Act and that, therefore, the plaintiff was entitled to recover attorney fees from the defendant for the costs incurred in bringing his suit for wages. 151 Ill. App. 3d at 509.

■ The present case is factually similar to *Johnson* and *Reiss*. While the plaintiff in the present case was an associate attorney instead of a salesman, he worked for wages and requested reimbursement for work actually performed. After a review of the record and the relevant case law, we conclude that an associate attorney working for wages is an "employee" within the meaning of the Act. See *Johnson*, 151 Ill. App. 3d at 509.

■ The defendant's next argument is that the Act does not apply to the facts of the present case because the demand by the plaintiff exceeded the amount found to be due and owing. In order for a plaintiff to recover attorney fees under the Act, he must make a written demand, at least three days before filing suit, in an amount not exceeding the amount found due and owing. 705 ILCS 225/1 (West 1994). In the present case, the plaintiff sent the defendant a letter and a copy of the complaint more than three days before filing suit. In that letter, the plaintiff stated, "[p]ursuant to 705 ILCS 225/1, please consider this correspondence as a request for $3,000.00 in wages owing to the plaintiff as more fully set forth in the enclosed Complaint." In the complaint, the plaintiff alleged that he was owed an amount in excess of $4,681 in wages and unpaid bonuses.

The defendant acknowledges that the letter references an amount less than that which was awarded the plaintiff at trial. However, the defendant argues that it is clear from the letter and the complaint that the payment of the sum referenced in the letter would not operate to prevent the plaintiff from filing and proceeding with his complaint. We find no merit to the defendant's argument in this regard.

■ The defendant's final argument is that the Act does not apply to the facts of the present case because at least $3,000 of the amount recovered by the plaintiff was not for wages earned and due and owing, but rather represented a pension plan contribution. Even if part of the plaintiff's award were for an SEP contribution, as the defendant argues, the defendant has cited no authority to support its argu-

ment that an SEP contribution should not be considered "wages" within the meaning of the Act. Thus, we find that the argument has been waived. See 155 Ill. 2d Rs. 341(e)(7), (f).

In summary, we conclude that, contrary to the defendant's arguments, the plaintiff was an "employee" under the Act and the demand by the plaintiff did not exceed the amount found to be due and owing. We also conclude that the defendant has waived the argument that part of the amount recovered by the plaintiff was not for "wages." Therefore, under the Act, the plaintiff was entitled to recover reasonable attorney fees incurred in bringing his suit for wages, including reasonable attorney fees incurred on appeal.

For the foregoing reasons, the order of the circuit court of Du Page County dismissing the plaintiff's claim for attorney fees under the Act is reversed, and the cause is remanded for a hearing on the question of fees.

Reversed and remanded.

McLAREN, P.J., and HUTCHINSON, J., concur.