No. 2--96--1395

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

________________________________________________________________

GARY M. KOPIER, SR., Special         )  Appeal from the Circuit Court

Adm'r of the Estate of Gary          )  of Lake County.

M. Kopier, Jr., Deceased,            )

                                     )  No. 95--L--1640

     Plaintiff-Appellant,            )

                                     )  

v.                                   )

                                     )

MARK E. HARLOW, RONALD HARLOW,       )  

and SANDRA HARLOW,                   )  

                                     )

     Defendants                      )

                                     )

(American Family Insurance           )  

Group, Intervening Plaintiff-        )  

Appellee, v. Gary M. Kopier,         )  

Sr., Special Adm'r of the            )

Estate of Gary M. Kopier, Jr.,       )

Deceased, Mark E. Harlow,            )  Honorable

Ronald Harlow and Sandra Harlow,     )  Jack Hoogasian,

Defendants).                         )  Judge, Presiding.

__________________________________________________________________

     

     JUSTICE DOYLE delivered the opinion of the court:

     Plaintiff, Gary M. Kopier, Sr., administrator of the estate of

Gary M. Kopier, Jr. (decedent), appeals a judgment declaring

defendants' (Mark E. Harlow's, Ronald Harlow's, and Sandra

Harlow's) rights under three automobile insurance policies issued

by intervening plaintiff American Family Insurance Group (American

Family).  The trial court ruled that the applicable liability

limits were those in the policy on the car that was involved in the

accident, not those for another car that defendants own.  Plaintiff

appeals, arguing that the highest liability limit among the

policies should apply.  We affirm.

     Decedent was killed in an automobile accident when the car he

was driving was struck by a vehicle being driven by defendant Mark

Harlow.  Harlow was covered under three liability policies that

American Family issued to his parents.  At the time of the

accident, Harlow was driving a 1987 Chevrolet Blazer that had

bodily injury liability limits of $25,000 for each person and

$50,000 for each occurrence.  Harlow's parents had two other

vehicles insured under separate American Family policies, a 1995

Chevrolet Blazer with bodily injury liability limits of $100,000

per person and $300,000 per occurrence, and a 1988 Chevrolet

Beretta with $25,000 and $50,000 limits.

     The parties agreed to settle for the policy limits, but

disagreed over which limit applied.  The parties agreed that

American Family would pay the undisputed $25,000 and then file a

declaratory judgment action.  The trial court approved the

settlement.

     American Family then filed its complaint for declaratory

judgment, seeking a determination by the trial court that the

maximum coverage owed was the $25,000 policy limit on the vehicle

involved in the accident.  Plaintiff and American Family both moved

for summary judgment.  Following a hearing, the court granted

American Family's motion.  The court ruled that the relevant policy

terms were unambiguous and that plaintiff had cited no authority

for the proposition that liability coverage inures to the insured

rather than to the covered vehicle.  

     On appeal, plaintiff argues that the court erred in finding

that Harlow could not access the $100,000 liability policy limit of

the 1995 Chevrolet Blazer.  

     When the parties file cross-motions for summary judgment, they

invite the court to decide the issues presented as a question of

law.  Giannetti v. Angiuli, 263 Ill. App. 3d 305, 312 (1994).

Further, the construction of an insurance policy is a question of

law that this court determines de novo, with the purpose of

ascertaining and effectuating the intention of the parties.  Vanek

v. Illinois Farmers Insurance Co., 268 Ill. App. 3d 731, 735

(1994).  In determining if a policy provision is ambiguous, we

consider the policy in its entirety.  Shefner v. Illinois Farmers

Insurance Co., 243 Ill. App. 3d 683, 686 (1993).  Where policy

language is unambiguous, we must discern the parties' intent

directly from that language, without resorting to rules of

construction, unless to do so would violate public policy.  Vanek,

268 Ill. App. 3d at 735.  A provision is ambiguous if it can

reasonably be read to have more than one meaning.  Shefner, 243

Ill. App. 3d at 686.

     The following provisions of the policies at issue are relevant

to the issue plaintiff raises.  Each policy provided, inter alia:

     "AGREEMENT

     We agree with you, in return for your premium payment, to

     insure you subject to all the terms of this policy.  We will

     insure you for the coverages and the limits of liability as

     shown in the declarations of this policy.

                                   * * *

     PART 1 - LIABILITY COVERAGE

     ***

     We will pay compensatory damages an insured person is legally

     liable for because of  bodily injury and property damage due

     to the use of a car or utility trailer.

                                   * * *

     EXCLUSIONS

     This coverage does not apply to:

                                   * * *

     9.  Bodily injury or property damage arising out of the use of

     any vehicle, other than your insured car, which is owned by or

     furnished or available for regular use by you or any resident

     of your household.

                                   * * *

     PART VI - GENERAL PROVISIONS

                                   * * *

     3. Two or More Cars Insured.  The total limit of our liability

     under all policies issued to you by us shall not exceed the

     highest limit of liability under any one policy."

     In the context of uninsured and underinsured motorist

coverage, we have already rejected the same argument that plaintiff

raises here.  See Shefner, 243 Ill. App. 3d 683; Vanek, 268 Ill.

App. 3d 731.  However, because those decisions involved uninsured

and underinsured motorist coverage respectively, the results were

based partly on policy language that is not involved in this case. 

     Here, plaintiff focuses on the "Two or More Cars Insured"

clause and argues that its plain meaning is that the insured has

the right to access the highest liability limit, no matter which 

insured car is involved in the accident.  The parties agree that

the above clause is an "anti-stacking clause," which would prevent

the insured from recovering under all the policies.  Nevertheless,

plaintiff contends that he can choose the highest limit because

"liability coverage follows the named insured wherever he goes,

regardless of what vehicle he is driving."  Plaintiff's theory is

incorrect.

          "The insurer's undertaking in an automobile liability

     policy to pay on behalf of the insured all sums which the

     insured shall become legally obligated to pay as damages

     because of injury 'arising out of the ownership, maintenance

     or use of the owned automobile' is directly related to and

     required the involvement of one of the vehicles specifically

     mentioned in the policy or a replacement or temporary

     substitute therefor for which a specific premium was charged;

     coverage provided by such undertaking is automobile-based and

     not person-based and is insurance on the vehicle and not in

     the nature of a personal accident policy." 6B J. Appleman & J.

     Appleman, Insurance Law & Practice §4291 (Supp. 1997).

     For this reason, courts, whether or not they allow the

stacking of uninsured motorist coverage or medical payment

coverage, do not allow the stacking of liability coverage.  See,

e.g., Oarr v. Government Employees Insurance Co., 39 Md. App. 122,

383 A.2d 1112 (1978); Hilden v. Iowa National Mutual Insurance Co.,

365 N.W.2d 765 (Minn. 1985); Hendrickson v. Cumpton, 654 S.W.2d 332

(Mo. 1983) (collecting cases); Rando v. California State Automobile

Ass'n, 684 P.2d 501 (Nev. 1984).  Although plaintiff here does not

argue that the coverages should be stacked, the rationale behind

not allowing stacking of liability coverage--that liability

policies insure particular cars--is contrary to plaintiff's

position.  Because the insurance attaches to a particular car,

plaintiff is incorrect that he should be allowed to access the

liability limit for another insured vehicle not involved in the

accident.

     Nevertheless, we must still examine the policy language

because each case turns on the particular language used.  If there

is an ambiguity, we must resolve it against the insurer.  After

carefully reviewing the entire policy that provides the $100,000 

liability limit for the 1995 Chevrolet Blazer, we do not find it

ambiguous.  

     We find the most pertinent provision to be exclusion No. 9. 

Plaintiff argues that we cannot consider this provision because the

trial court denied American Family's motion to amend its complaint

to argue exclusion No. 9's applicability.  We disagree.  As

previously stated, our review is de novo.  Further, we must

construe the policy as a whole to determine if it is ambiguous. 

Shefner, 243 Ill. App. 3d at 686.  Moreover, we can affirm the

trial court's decision on any basis that appears in the record. 

Shramuk v. Snyder, 278 Ill. App. 3d 745, 748 (1996). 

     Exclusion No. 9 is clear: the liability coverage provided by

the policy does not apply to the use of any vehicle, other than the

insured car, that is owned by or furnished or available for regular

use by the insured or a resident of the insured's household. 

Clearly, the 1987 Blazer was owned by Harlow's parents and was

available for the regular use by the residents of the household. 

Thus, Harlow could only access the higher liability limit if the

1987 Blazer could qualify as an "insured car" under the policy on

the 1995 Blazer. 

     The policy on the 1995 Blazer defines an insured car as

follows:

     "Your Insured Car means:

     a.   Any car described in the declarations and any private

          passenger car or utility car you replace it with.  You

          must tell us within 30 days of its acquisition.   

     b.   Any additional private passenger car or utility car of

          which you acquire ownership during the policy period,

          provided:

          1)   If it is a private passenger car, we insure all of

               your other private passenger cars; or

          2)   If it is a utility car, we insure all of your other

               private passenger cars and utility cars.

          You must tell us within 30 days of its acquisition that

          you want us to insure the additional car.

     c.   Any utility trailer you own.

     d.   Any car or utility trailer not owned by you being

          temporarily used as a substitute for any other vehicle

          described in this definition, because of its withdrawal

          from normal use due to breakdown, repair, servicing,

          loss, or destruction."

The only car listed in the declarations is the 1995 Blazer, and

plaintiff has not argued that the 1987 Blazer was a replacement

vehicle or a temporary substitute.  Therefore, exclusion No. 9 in

the policy on the 1995 Blazer clearly excludes coverage for the

1987 Blazer.

     Plaintiff argues that exclusion No. 9 refers only to cars

insured by other companies.  We fail to see how plaintiff reached

that conclusion; there is no such limiting provision in the

exclusion.  In Mercantile Bank & Trust Co. v. Western Casualty &

Surety Co., 415 F.2d 606 (8th Cir. 1969), the insured had a policy

that covered three automobiles, one of which, a Ford Thunderbird,

had only comprehensive coverage.  The insured was killed in an

accident while driving the Thunderbird.  The court concluded that

an exclusion similar to exclusion No. 9 made the liability

insurance on the other two vehicles inapplicable to the

Thunderbird:

          "We agree with the district court's holding that under

     the facts here the exclusion of cars owned by the insured or

     his spouse from coverage under the 'Use of Other Automobiles'

     clause made the liability and other coverage on the Buick and

     Mustang inapplicable to the Thunderbird.  This is a more or

     less standard provision of automobile liability insurance

     policies, its purpose being to prevent the owner of several

     cars from paying for liability coverage on only one car and

     obtaining coverage when driving his other vehicles under the

     'Use of Other Automobiles' clause."  Mercantile Bank, 415 F.2d

     at 609.

Although here plaintiff did pay for liability coverage on the 1987

Blazer, he only paid a premium for $25,000 per person and $50,000

for each occurrence.  Just as the purpose of the exclusion is to

prevent someone from paying for liability insurance on only one

vehicle, it  also prevents someone from paying a high premium on

only one vehicle and expecting to access that coverage for other

vehicles for which lower premiums were paid.  See also Dudley v.

State Farm Mutual Automobile Insurance Co., 255 So. 2d 462 (La.

App. 1971) (insured had separate policies for three cars with

insurer; court interprets similar exclusion as not allowing insured

to access coverages for cars not involved in accident); 7 Am. Jur.

2d Automobile Insurance §238 (1980);  Annotation, Exclusion from

"Drive Other Cars" Provision of Automobile Liability Insurance

Policy of Other Automobile Owned, Hired, or Regularly Used by

Insured or Member of His Household, 86 A.L.R.2d 937 (1962). 

Accordingly, we reject plaintiff's contention that the exclusion

refers to cars insured by other companies.  The policy on the 1995

Blazer clearly and unambiguously excludes coverage for other

vehicles owned by the insured or furnished or available for regular

use by the insured or members of the insured's household.

     We find that the trial court did not err in finding that the

only applicable insurance policy was the one for the vehicle

involved in the accident.  Therefore, we affirm the summary

judgment for American Family.

     The judgment of the circuit court of Lake County is affirmed.

     Affirmed.

     McLAREN and BOWMAN, JJ., concur.